IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION


PATRICK GAILLARD,                                      CIVIL DIVISION

        Plaintiff,

v.                                                     Case No.:

FLORIDA PRESTIGE, INC.,
SUNNY PROPERTIES OF SOUTH
FLORIDA, LLC, SUNNY INTERNATIONAL
REALTY, LLC, ANALOU MANENT,
PATRICK MANENT, MOSHE SHABAT
and NIR GAVRA, INDIVIDUALLY,

        Defendants.
_____/


## COMPLAINT

Plaintiff, PATRICK GAILLARD (hereinafter "Plaintiff"), sues FLORIDA PRESTIGE, INC., (hereinafter "FLORIDA PRESTIGE"), SUNNY PROPERTIES OF SOUTH FLORIDA, LLC (hereinafter "SUNNY PROPERTIES"), SUNNY INTERNATIONAL REALTY, LLC (hereinafter "SUNNY INTERNATIONAL"), ANALOU MANENT, PATRICK MANENT, MOSHE SHABAT, and NIR GAVRA and asserts the following claims for relief and recovery:

### JURISDICTION AND VENUE

1.    This is an action for damages that exceed $75,000.

2.    Defendant, FLORIDA PRESTIGE, INC., is, and at all times herein mentioned, was a Corporation organized and existing under the laws of the State of Florida with its principal office located in the City of Aventura, Miami-Dade County.   The President of FLORIDA PRESTIGE, INC. is PATRICK MANENT.   The Registered Agent of FLORIDA PRESTIGE, INC. is PATRICK MANENT.   Prior to January 23, 2012, ANALOU MANENT acted as

- 1 -

Registered Agent.  Prior to December 15, 2011, ANALOU MANENT was the Vice President of FLORIDA PRESTIGE, INC.

3.     Defendant, SUNNY PROPERTIES OF SOUTH FLORIDA, LLC, is, and at all times herein mentioned, was a Limited Liability Company organized and existing under the laws of the State of Florida, with its principal office located in the City of Sunny Isles, Miami-Dade County having Member/Managers Moshe Shabat and NGI Properties, LLC. (NGI Properties, LLC having Member/Manager NGI Investments, Inc. and NGI Investments, Inc.'s President is Nir Gavra).

4.     Defendant, SUNNY INTERNATIONAL REALTY, LLC., is, and at all times herein mentioned, was a Limited Liability Company organized and existing under the laws of the State of Florida, with its principal office located in the City of Sunny Isles, Miami-Dade County having Member/Managers Nir Gavra and Moshe Shabat.

5.     Defendant, ANALOU MANENT, is an individual residing in Miami-Dade County, Florida.  On information and belief, Defendant ANALOU MANENT and Defendant PATRICK MANENT are husband and wife.

6.     Defendant PATRICK MANENT is an individual residing in Miami-Dade County, Florida.

7.     Defendant MOSHE SHABAT is an individual residing in Miami-Dade County, Florida.

8.     Defendant NIR GAVRA is an individual residing in Broward County, Florida.

9.     Jurisdiction is proper pursuant to 28 USC 1331(a)(4).

10.    Venue is proper in the Miami Division of the District pursuant to 28 USC 1391(b)(1) and (2)..

**FACTS COMMON TO ALL COUNTS**

11.    In late 2011, Plaintiff, a citizen of France, contacted Defendant PATRICK MANENT in order to be shown properties available for sale in Miami-Dade and Broward Counties.

12.    Plaintiff placed confidence and trust in Defendant PATRICK MANENT because Defendant PATRICK MANENT represented to Plaintiff that he was a licensed real estate Broker.

13.    Plaintiff placed confidence and trust in Defendant PATRICK MANENT because as a "Buyer's Agent" Defendant PATRICK MANENT would be acting solely in Plaintiff's best interests.

14.    Based on the criteria that Plaintiff described to Defendant PATRICK MANENT, Plaintiff was shown information about properties available for purchase, ultimately purchasing two of the properties.

15.    Everything that Plaintiff knew about the properties before the purchase was solely and exclusively obtained from Defendant PATRICK MANENT acting in his capacity as Buyer's Agent for Plaintiff.

16.    Plaintiff did not physically visit or inspect any of the subject properties that Defendant PATRICK MANENT presented as options for purchase, because Plaintiff was out of the country and had fully entrusted Defendant PATRICK MANENT to find suitable properties for investment.

17.    Defendant PATRICK MANENT engaged in the practice of showing properties to foreigners.

18.    Defendant PATRICK MANENT misrepresented the price of the properties to Plaintiff.

19.    On or about the time that Plaintiff became interested in the properties presented to him by Defendant PATRICK MANENT, Defendant PATRICK MANENT and the other individual Defendants arranged for two companies related to the individual defendants to

purchase the properties in order to sell ("flip") them to Plaintiff, at prices much lower than the prices presented to Plaintiff as the ultimate Buyer.

20.    Defendant PATRICK MANENT and the other Defendants sold ("flipped") the two properties to Plaintiff at inflated prices, making obscene profits when compared to the sales prices presented to Plaintiff for each flip.

21.    Plaintiff purchased two properties that were presented to him by Defendant PATRICK MANENT.   The first property is located at 731 Cypress Lane, Unit A8, Pompano Beach, Florida (Residential Sale and Purchase Contract dated January 10, 2012, hereinafter "the Broward County property"). The second property is located at 4748 Walden Circle, Unit #838, Orlando, Florida (Residential Sale and Purchase Contract dated January 10, 2012, hereinafter "the Orange County property").

22.    Plaintiff alleges that a true and correct copy of the fully executed contracts exist; that the contracts were executed by both parties; that the true and correct fully executed agreements will be obtained from the Defendants or third parties during the discovery process; and that Requests for Admission relating directly to the existence and execution of the contracts will be propounded to Defendants.

23.    Defendant PATRICK MANENT, misrepresenting himself as a Buyer's Agent, was the sole person with whom Plaintiff dealt in the two purchase transactions.

24.    Defendant PATRICK MANENT held himself out as a Buyer's Agent, and as an expert in the field of real estate, in order to win the trust of Plaintiff.

25.    Defendant PATRICK MANENT informed Plaintiff that the two subject properties were priced at below their market value, which induced Plaintiff to finalize the purchase of the properties.

26.    Plaintiff believed Defendant PATRICK MANENT'S representations that the purchase prices for the two properties were a "good deal."

27.    Plaintiff was not aware that the true market value of the two properties was far less than the figures quoted by Defendant PATRICK MANENT.

28.    In fact, Defendant PATRICK MANENT was not acting in Plaintiff's best interests, but was acting for the benefit of himself, his spouse (Defendant ANALOU MANENT) and the related Defendants and their companies.

29.    Defendant ANALOU MANENT is a licensed Florida Real Estate Agent, but did not meet with Plaintiff.

30.    Defendants PATRICK MANENT and ANALOU MANENT own FLORIDA PRESTIGE.

31.    MOSHE SHABAT is a manager/member of SUNNY PROPERTIES and SUNNY INTERNATIONAL.

32.    Defendant, NIR GAVRA, is a manager/member of SUNNY PROPERTIES and SUNNY INTERNATIONAL.

33.    The Listing/Selling brokerage for the Broward County property was SUNNY INTERNATIONAL.

34.    The sales associate for the Broward County property was Defendant ANALOU MANENT, wife of Defendant PATRICK MANENT, who is employed by SUNNY INTERNATIONAL.

35.    The listing associate for the Broward County property was Defendant, NIR GAVRA, who is employed by and a member/manager of SUNNY INTERNATIONAL.

36.    The financial interests of Defendants PATRICK MANENT and ANALOU MANENT in the properties being shown to Plaintiff were intentionally concealed from Plaintiff.

37.    The financial interests of Defendants PATRICK MANENT and ANALOU MANENT in the properties being shown to Plaintiff were intentionally concealed from Plaintiff in order to induce him into making purchases under the belief that he was represented by a third

party Buyer's Agents, and not the owners of the properties. Plaintiff believed PATRICK MANENT and ANALOU MANENT were acting in Plaintiff's best interest.

38.    Plaintiff is not sophisticated in real estate practices, or in United States real estate records and title searching methods, which was known to Defendants.

39.    Defendants took advantage of the fact that Plaintiff speaks limited English, and while he can read English, cannot read complex contracts and commercial documents in English without the assistance of a translator, which was known to Defendants

40.    Defendants accomplished the purchase through fraudulent and deceptive means, for their own personal gain.

41.    Defendant ANALOU MANENT is fluent in French and could have translated the contracts and commercial documents into French for Plaintiff.

42.    Defendants went so far as to have Plaintiff sign "Buyer's Affidavits" that included customary Seller representations, rather than receiving a "Seller's Affidavit" with the customary Seller's representations, and as is customary in real estate sales in Florida.

43.    The "Buyer's Affidavits" provided that Plaintiff, a foreign citizen, attested that the titles to the two properties were clear of liens and "knows of no violations of municipal ordinances pertaining to the property."

44.    After the purchases were made, Plaintiff discovered that in fact, the prior owners of the two purchased properties were Defendants, FLORIDA PRESTIGE and SUNNY PROPERTIES.

45.    Defendant PATRICK MANENT was aware that the Broward County property had been purchased at a foreclosure sale for just $34,800.00 by Defendant SUNNY PROPERTIES, in October 2011.

46.    Defendant PATRICK MANENT knew that the Broward County property had an appraised market value of only $35,670.00 in 2011.

47.   Defendant PATRICK MANENT sold the property to Plaintiff for $77,000.00, less than four months after SUNNY PROPERTIES bought it for $34,800.00, without disclosing the inside dealing or self-interested relationships to Plaintiff.

48.   On investigating further, Plaintiff learned that the property located at 4748 Walden Circle, Unit 838, Orlando, FL had been purchased by FLORIDA PRESTIGE, INC. on January 31, 2012, for only $50,000.00.

49.   Defendant PATRICK MANENT of FLORIDA PRESTIGE entered into a contract for the sale of the Orange County property with Plaintiff before FLORIDA PRESTIGE even owned the property.

50.   FLORIDA PRESTIGE entered into a sale agreement with Plaintiff on January 10, 2012.  FLORIDA PRESTIGE did not, in fact, own the property until January 31, 2012.

51.   By selling the Orange County property to Plaintiff for $79,000.00, before FLORIDA PRESTIGE, INC. even owned the property, Defendant FLORIDA PRESTIGE, INC. was unjustly enriched by $29,000.00 through profit from the unlawful sale.

52.   By selling the Broward County property to Plaintiff for $77,000.00, Defendant SUNNY PROPERTIES and the individual Defendants were unjustly enriched by $42,200.00 through profit from the sale.

53.   After making these discoveries, Plaintiff contacted Defendant PATRICK MANENT and attempted to void the sales through rescission.

54.   Defendant PATRICK MANENT refused to rescind the sales or cause the sales to be rescinded.

55.   Plaintiff later learned that the Orange County property was virtually uninhabitable, and had many defects caused by neglect and disrepair.

56.   While Defendant PATRICK MANENT represented to Plaintiff that the Orange County property had been inspected, it had not, in fact, been inspected prior to the sale to Plaintiff.

- 7 -

57.    Because of the disrepair of the Orange County property, the tenant in that property broke her lease, leaving Plaintiff exposed and having to cover the entire balance of the mortgage on the bloated purchase price of the property.

58.    As a result of the Defendants' sales of real estate accomplished through non-disclosure, misrepresentation, and fraudulent means, Plaintiff has suffered damages, including monetary damages from purchasing properties valued at less than had been represented to him.

59.    Plaintiff has also suffered damages in protections against title problems related to the properties, as Defendants conspired to have him execute "Buyer's Affidavits" forcing him to make impossible assurances about the title to the property, and certain warranties.

## COUNT I – FRAUD IN THE INDUCEMENT
### (As to Florida Prestige and Patrick Manent)

60.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth herein in full.

61.    Plaintiff entered into a written agreement for the purchase of certain real estate, a copy of which is attached hereto as Exhibit "B", with Defendant FLORIDA PRESTIGE.  To the extent that the attached Exhibit B is signed only by Plaintiff, Plaintiff alleges that a true and correct copy of the fully executed contract exists; that the contract was executed by both parties; that the true and correct fully executed agreement will be obtained from Defendants or third parties during the discovery process; and that Requests for Admission relating directly to the existence and execution of the contract will be propounded to Defendants.

62.    Defendants PATRICK MANENT and FLORIDA PRESTIGE made false statements regarding material facts, as alleged above in detail.

63.    Defendant PATRICK MANENT misrepresented the value of the property in order to close the property purchase agreement.

- 8 -

64.    Defendant PATRICK MANENT concealed the fact that FLORIDA PRESTIGE sold the Orange County property to Plaintiff before FLORIDA PRESTIGE even had ownership rights.

65.    Defendant PATRICK MANENT concealed the fact that FLORIDA PRESTIGE made a large profit on the sale of the Orange County property by selling it at far above the market value.

66.    Defendant PATRICK MANENT concealed the fact that his wife, ANALOU MANENT, the selling agent of SUNNY INTERNATIONAL was a co-owner of FLORIDA PRESTIGE.

67.    Defendants PATRICK MANENT and FLORIDA PRESTIGE took advantage of Plaintiff's language barrier in order to have him execute the sales agreement, which was not drafted for his benefit, but was designed to benefit the Defendants involved in the transaction.

68.    Defendants PATRICK MANENT and FLORIDA PRESTIGE failed to advise Plaintiff of their ownership interests in the subject property, knowing that if they informed Plaintiff of their ownership interest, he would not have executed the purchase agreement as drafted, and would not have paid the purchase price demanded by Defendants.

69.    Plaintiff has performed all conditions, covenants, and promises required by him on his part to be performed in accordance with the terms and conditions of the contract in good faith.

70.    Defendants PATRICK MANENT and FLORIDA PRESTIGE acted in bad faith by not making full disclosure of their ownership interests in the properties.

71.    Defendants PATRICK MANENT and FLORIDA PRESTIGE acted in bad faith by steering Plaintiff towards property owned by FLORIDA PRESTIGE.

72.    Defendants PATRICK MANENT and FLORIDA PRESTIGE acted in bad faith by misrepresenting the true market value of the subject properties.

73.    Defendants PATRICK MANENT and FLORIDA PRESTIGE acted in bad faith by presenting Plaintiff with a "Buyer's Affidavit" with standard Seller representations, for closing,

which essentially stripped Plaintiff of protections against title claims which could be made on the properties.

74.   Defendants PATRICK MANENT and FLORIDA PRESTIGE knew or should have known that the representations made were false.

75.   Defendants PATRICK MANENT and FLORIDA PRESTIGE intended that these representations would induce Plaintiff to act on them.

76.   Plaintiff suffered damages in justifiable reliance on the representations made by Defendants PATRICK MANENT and FLORIDA PRESTIGE.

77.   By reason of Defendants' breach of said contract as herein alleged, the Plaintiff has suffered damages in excess of $100,000.00.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendants PATRICK MANENT and FLORIDA PRESTIGE in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

**COUNT II– FRAUD IN THE INDUCEMENT**

(As to Sunny Properties and Analou Manent)

78.   Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth herein in full.

79.   Plaintiff entered into written agreement for the purchase of certain real estate with SUNNY PROPERTIES, for the Broward County property.   Plaintiff alleges that a true and correct copy of the fully executed contract exists; that the contract was executed by both parties; that the true and correct fully executed agreement will be obtained from Defendants or third parties during the discovery process; and that Requests for Admission relating directly to the existence and execution of the contract will be propounded to Defendants.

80.   As Plaintiff's real estate broker and Buyer's Agent, Defendant ANALOU MANENT misrepresented the value of the property in order to close the property purchase agreement.

81.     Defendants ANALOU MANENT and SUNNY PROPERTIES made false statements or caused false statements to be made regarding material facts as alleged above in detail.

82.     Defendant ANALOU MANENT acting as Plaintiff's Broker concealed the fact that SUNNY PROPERTIES' owners (Member/Managers Moshe Shabat and NGI Properties, LLC. - NGI Properties, LLC having Member/Manager NGI Investments, Inc. and NGI Investments, Inc.'s President is Nir Gavra) were the same owners of the listing/selling real estate company, SUNNY INTERNATIONAL, her Employer.

83.     Defendant ANALOU MANENT acting as Plaintiff's Broker concealed the fact that SUNNY PROPERTIES made a large profit on the sale of the Broward County property by selling it at far above the market value.

84.     Defendant ANALOU MANENT acting as Plaintiff's Broker concealed the fact that SUNNY INTERNATIONAL had a connection with SUNNY PROPERTIES, the seller of the Broward County property.

85.     Defendants, ANALOU MANENT and SUNNY PROPERTIES, took advantage of Plaintiff's language barrier in order to have him execute the sales agreement, which was not drafted for his benefit, but was designed to benefit Defendants SUNNY PROPERTIES, NIR GAVRA and MOSHE SHABAT, even though Defendant ANALOU MANENT, is fluent in French and could have translated the documents into French for the Plaintiff.

86.     Plaintiff has performed all conditions, covenants, and promises required by him on his part to be performed in accordance with the terms and conditions of the contract in good faith.

87.     Defendants ANALOU MANENT and SUNNY PROPERTIES acted in bad faith by not making full disclosure of the ownership interests in the property.

88.     Defendants ANALOU MANENT and SUNNY PROPERTIES acted in bad faith by steering Plaintiff towards property owned by SUNNY PROPERTIES.

89.    Defendants ANALOU MANENT and SUNNY PROPERTIES acted in bad faith by misrepresenting the true market value of the subject properties.

90.    Defendants ANALOU MANENT and SUNNY PROPERTIES acted in bad faith by presenting Plaintiff with a "Buyer's Affidavit" with standard Seller representations, for closing, that essentially stripped Plaintiff of protections against title claims which could be made on the property.

91.    Defendants ANALOU MANENT and SUNNY PROPERTIES knew or should have known that the representations made were false.

92.    Defendants ANALOU MANENT and SUNNY PROPERTIES intended that these representations would induce Plaintiff to act on them.

93.    Plaintiff suffered damages in justifiable reliance on the representations made by Defendants ANALOU MANENT and SUNNY PROPERTIES.

94.    By reason of Defendants' breach of said contract as herein alleged, the Plaintiff has suffered damages in excess of $100,000.00.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendants ANALOU MANENT and SUNNY PROPERTIES in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

## COUNT III– FRAUD IN THE INDUCEMENT

(As to Sunny Properties, Sunny International, Nir Gavra and Moshe Shabat)

95.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth herein in full.

96.    Plaintiff entered into written agreement for the purchase of certain real estate for the Broward County property. Plaintiff alleges that a true and correct copy of the fully executed contract exists; that the contract was executed by both parties; that the true and correct fully executed agreement will be obtained from Defendants or third parties during the discovery

process; and that Requests for Admission relating directly to the existence and execution of the contract will be propounded to Defendants.

97.     Defendants, SUNNY INTERNATIONAL, NIR GAVRA, and MOSHE SHABAT as Sellers, misrepresented the value of the property in order to close the property purchase agreement.

98.     Defendants SUNNY PROPERTIES, SUNNY INTERNATIONAL, NIR GAVRA, and MOSHE SHABAT made false statements regarding material facts, as alleged above in detail.

99.     Defendant, SUNNY PROPERTIES, concealed the fact that SUNNY PROPERTIES' owners (Member/Managers Moshe Shabat and NGI Properties, LLC. - NGI Properties, LLC having Member/Manager NGI Investments, Inc. and NGI Investments, Inc.'s President is Nir Gavra) were the same owners of the listing/selling real estate company, SUNNY INTERNATIONAL.

100.    Defendant, NIR GAVRA, as listing agent concealed the fact that he an owner of Defendants, SUNNY PROPERTIES and SUNNY INTERNATIONAL.

101.    Defendants, SUNNY INTERNATIONAL, NIR GAVRA, and MOSHE SHABAT concealed the fact that SUNNY PROPERTIES made a large profit on the sale of the Broward County property by selling it at far above the market value.

102.    Defendants, NIR GAVRA, MOSHE SHABAT, SUNNY PROPERTIES and SUNNY INTERNATIONAL, took advantage of Plaintiff's language barrier in order to have him execute the sales agreement, which was not drafted for his benefit, but were designed in order to benefit Defendants.

103.    Defendants, NIR GAVRA, MOSHE SHABAT, SUNNY PROPERTIES and SUNNY INTERNATIONAL, failed to advise Plaintiff of their ownership interests in the subject property, knowing that if they informed Plaintiff of their ownership interest, he would not have executed the purchase agreements as they were drafted, and would not have paid the purchase price demanded by Defendants.

104.   Plaintiff has performed all conditions, covenants, and promises required by him on his part to be performed in accordance with the terms and conditions of the contract in good faith.

105.   Defendants acted in bad faith by not making full disclosure of their ownership interests in the properties, by steering Plaintiff towards property owned by SUNNY PROPERTIES, and by misrepresenting the true market value of the subject properties, and by presenting Plaintiff with a "Buyer's Affidavit" drafted by them, which essentially stripped Plaintiff of protections against title claims which could be made on the properties.

106. Defendants, NIR GAVRA, MOSHE SHABAT, SUNNY PROPERTIES and SUNNY INTERNATIONAL knew or should have known that the representations made were false.

107. Defendants, NIR GAVRA, MOSHE SHABAT, SUNNY PROPERTIES and SUNNY INTERNATIONAL intended that these representations would induce Plaintiff to act on them.

108.   Plaintiff suffered damages in justifiable reliance on the representations made by Defendants, NIR GAVRA, MOSHE SHABAT, SUNNY PROPERTIES and SUNNY INTERNATIONAL.

109.   By reason of Defendants' breach of said contract as herein alleged, the Plaintiff has suffered damages in excess of $100,000.00.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendants NIR GAVRA, MOSHE SHABAT, SUNNY PROPERTIES and SUNNY INTERNATIONAL in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

### COUNT IV – BREACH OF FIDUCIARY DUTY
(as to Defendant PATRICK MANENT)

110.   Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth herein in full.

111.   Defendant PATRICK MANENT held himself out as a Buyer's Agent to Plaintiff.

112.   Defendant PATRICK MANENT was placed in a position of confidence and trust by Plaintiff.

113.   Defendant PATRICK MANENT, as an agent of Defendants ANALOU MANENT, FLORIDA PRESTIGE, NIR GAVRA, MOSHE SHABAT, SUNNY PROPERTIES and SUNNY INTERNATIONAL abused Plaintiff's confidence and trust in him, to the detriment of Plaintiff.

114.   Defendant PATRICK MANENT had a fiduciary duty towards Plaintiff.

115.   Defendant PATRICK MANENT had a fiduciary duty towards Plaintiff which he breached in acting to influence Plaintiff to enter into two real property purchase agreements, to his detriment, without full disclosure, and in a manner in which Defendants would profit as the sellers of the property, rather than simply as the brokers for the property.

116.   Plaintiff relied on Defendant PATRICK MANENT and depended on him to advise and counsel him with respect to the purchase of real estate in Florida.

117.   Defendant PATRICK MANENT betrayed Plaintiff's trust, and acted to induce Plaintiff to enter into real estate agreements for purchase to his detriment.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant PATRICK MANENT in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

### COUNT V  - DECEPTIVE AND UNFAIR TRADE PRACTICES
### (SUNNY PROPERTIES)

118.   Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth herein in full.

119.   Section 501.204, Florida Statutes, states:

> 501.204 Unlawful acts and practices:
>
> Unfair methods of competition, unconscionable acts or practices and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

120. The actions of Defendant, SUNNY PROPERTIES, their agents and representatives, were unlawful, unconscionable and unfair and/or deceptive practices in the conduct of a trade, all in violation of § 501.204, Florida Statutes, in that they (a) failed to provide full disclosure of their ownership interests in the property, and their self-dealing; (b) failed to disclose that they were not, in fact, licensed real estate brokers; and (c) induced Plaintiff to have him execute "Buyer's Affidavits" by deception.

121.  Plaintiff is entitled to an award of attorneys fees pursuant to § 501.2105(1), Florida Statutes, which states:

> "In any civil litigation resulting from an act or practice involving a violation of [FDUTPA] ..., the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party."

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant PATRICK MANENT in an amount to be proven at trial, and for special damages pursuant to statute, and for such further other and further relief as the interests of justice may require.

## COUNT VI - DECEPTIVE AND UNFAIR TRADE PRACTICES
### (FLORIDA PRESTIGE)

122.  Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth herein in full.

123.  Section 501.204, Florida Statutes, states:

> 501.204 Unlawful acts and practices:
>
> Unfair methods of competition, unconscionable acts or practices and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

124.  The actions of Defendant, FLORIDA PRESTIGE, their agents and representatives, were unlawful, unconscionable and unfair and/or deceptive practices in the conduct of a trade, all in violation of § 501.204., Florida Statutes, in that they (a) failed to provide full disclosure of

their ownership interests in the property, and their self-dealing; (b) failed to disclose that they were not, in fact, licensed real estate brokers; and (c) induced Plaintiff to have him execute "Buyer's Affidavits" by deception.

125.    Plaintiff is entitled to an award of attorneys fees pursuant to § 501.2105(1), Florida Statutes, which states:

> "In any civil litigation resulting from an act or practice involving a violation of [FDUTPA] ..., the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party."

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant FLORIDA PRESTIGE in an amount to be proven at trial, and for special damages pursuant to statute, and for such further other and further relief as the interests of justice may require.

## COUNT VII - DECEPTIVE AND UNFAIR TRADE PRACTICES
### (SUNNY INTERNATIONAL)

126.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth herein in full.

127.    Section 501.204, Florida Statutes, states:

> 501.204 Unlawful acts and practices:
>
> Unfair methods of competition, unconscionable acts or practices and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

128.    The actions of Defendant, SUNNY INTERNATIONAL, their agents and representatives, were unlawful, unconscionable and unfair and/or deceptive practices in the conduct of a trade, all in violation of § 501.204., Florida Statutes, in that they (a) failed to provide full disclosure of their ownership interests in the property, and their self-dealing; (b) failed to

disclose that they were not, in fact, licensed real estate brokers; and (c) induced Plaintiff to have him execute "Buyer's Affidavits" by deception.

129.   Plaintiff is entitled to an award of attorneys fees pursuant to § 501.2105(1), <u>Florida Statutes</u>, which states:

> "In any civil litigation resulting from an act or practice involving a violation of [FDUTPA] ..., the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party."

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant SUNNY INTERNATIONAL in an amount to be proven at trial, and for special damages pursuant to statute, and for such further other and further relief as the interests of justice may require.

<u>**COUNT VIII - FRAUDULENT MISREPRESENTATION**</u>
(as to Defendant Patrick Manent)

130.   Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth herein in full.

131.   Defendant PATRICK MANENT misrepresented material facts when Plaintiff was shown the subject properties, without being advised that Defendant FLORIDA PRESTIGE, in fact, was the owner of the property.

132.   Defendant PATRICK MANENT misrepresented material facts when Plaintiff was advised by Defendant PATRICK MANENT that the properties were priced at below market value and that the transaction would be "a good deal" for Plaintiff, when, in fact, the opposite was true.

133.   Defendant PATRICK MANENT misrepresented material facts when he presented Plaintiff with "Buyer's Affidavits" with standard Seller representations and stated that this was "just standard paperwork" that he must sign in order to accomplish the purchase of the properties.

134.  Defendant PATRICK MANENT either knew of the misrepresentations, or should have known the representations were false.

135.  Plaintiff acted in justifiable reliance on the misrepresentations made by Defendant PATRICK MANENT and as contained in the purchase agreements drafted by Defendant PATRICK MANENT and suffered injury when, after the sales had been completed, Plaintiff learned that he had purchased properties for an amount grossly in excess of their market value.

136.  Plaintiff acted in justifiable reliance on the misrepresentations made by Defendant PATRICK MANENT and suffered damages when he warranted the chain of title to the properties through a "Buyer's Affidavits" designed to absolve Defendant PATRICK MANENT of any exposure to title claims.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant PATRICK MANENT in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

## COUNT IX - FRAUDULENT MISREPRESENTATION
(as to Defendant Analou Manent)

137.  Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth herein in full.

138.  Defendant ANALOU MANENT misrepresented material facts when Plaintiff was presented with a contract to purchase the Broward County property without being advised that Defendant FLORIDA PRESTIGE was not in fact the owner of the property.

139.  Defendant ANALOU MANENT misrepresented material facts when she did not disclose to the Plaintiff that she was or had been an owner/principal of Defendant FLORIDA PRESTIGE.

140.  Defendant ANALOU MANENT misrepresented material facts when Plaintiff was advised by Defendant ANALOU MANENT that the subject properties were priced at below

market value, and that the transactions would be "a good deal" for Plaintiff, when, in fact, the opposite was true.

141.   Defendant ANALOU MANENT misrepresented material facts when she presented Plaintiff with "Buyer's Affidavits" with standard Seller representations, and stated that this was "just standard paperwork" that he must sign in order to accomplish the purchase of the properties.

142.   Defendant ANALOU MANENT either knew of the misrepresentations, or should have known that the representations were false.

143.   Plaintiff acted in justifiable reliance on the misrepresentations made by Defendant ANALOU MANENT and as contained in the purchase agreements drafted by Defendant ANALOU MANENT and suffered injury when, after the sales were completed, Plaintiff learned that he had purchased properties for an amount grossly in excess of their market value.

144.   Plaintiff acted in justifiable reliance on the misrepresentations made by Defendant ANALOU MANENT and suffered damages when he warranted the chain of title to the properties through "Buyer's Affidavits" designed to absolve Defendant ANALOU MANENT of any exposure to title claims.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant ANALOU MANENT in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

### COUNT X - FRAUDULENT MISREPRESENTATION
(As to Defendants Nir Gavra, Sunny Properties and Sunny International)

145.   Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth herein in full.

146.   Defendant, NIR GAVRA, misrepresented material facts when he did not disclose to the Plaintiff that he was an owner/principal of Defendants, SUNNY PROPERTIES and SUNNY INTERNATIONAL.

147. Defendant, NIR GAVRA, misrepresented material facts when he allowed his agent Defendant PATRICK MANENT, and his Broker Defendant ANALOU MANENT, to advise Plaintiff that the properties were priced at below market value, and that the transactions would be "a good deal" for Plaintiff, when, in fact, the opposite was true.

148. Defendant NIR GAVRA misrepresented material facts when he allowed his agent Defendant PATRICK MANENT, and his Broker Defendant ANALOU MANENT, to present Plaintiff with "Buyer's Affidavits" that included standard Seller representations and allowed his agent Defendant PATRICK MANENT, and his Broker Defendant ANALOU MANENT, to state that this was "just standard paperwork" that Plaintiff must sign in order to accomplish the purchase of the properties.

149. Defendant NIR GAVRA either knew of the misrepresentations, or should have known the representations were false.

150. Plaintiff acted in justifiable reliance on the misrepresentations made by Defendant NIR GAVRA or allowed to be made by his agents, contained in the purchase agreements drafted by Defendant.

151. Plaintiff suffered injury when, after the sales had been completed, Plaintiff learned that he had purchased properties for an amount grossly in excess of their market value, and that he had warranted the chain of title to the properties through "Buyer's Affidavits" designed to absolve Defendant NIR GAVRA of any exposure to title claims.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant NIR GAVRA in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

## COUNT XI —UNJUST ENRICHMENT
### (as to Defendant Patrick Manent)

152. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth fully herein.

- 21 -

153.   Plaintiff has conferred benefits on Defendant PATRICK MANENT who has knowledge thereof.

154.   Defendant PATRICK MANENT voluntarily accepted and retained the benefits, by taking payments from Plaintiff.

155.   Because Defendant PATRICK MANENT fraudulently induced Plaintiff into entering into the two subject property sale agreements and purchases, to Plaintiff's detriment, Defendant PATRICK MANENT's retention of the benefits is inequitable unless Defendant PATRICK MANENT repays Plaintiff the value of the benefits.

156.   Defendant PATRICK MANENT has been unjustly enriched at the expense of Plaintiff.

157.   Plaintiff is entitled to damages as a result of Defendant PATRICK MANENT's unjust enrichment, including the rescission of the purchase/sales agreements, and disgorgement of all monies unlawfully accepted by Defendant PATRICK MANENT from Plaintiff.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant PATRICK MANENT in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

## COUNT XII —UNJUST ENRICHMENT

(as to Defendant Analou Manent)

158.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth fully herein.

159.   Plaintiff has conferred benefits on Defendant ANALOU MANENT who has knowledge thereof.

160.   Defendant ANALOU MANENT voluntarily accepted and retained the benefits by taking payments from Plaintiff.

161. Because Defendant ANALOU MANENT fraudulently induced Plaintiff into entering into the two subject property purchase/sale agreements, to Plaintiff's detriment, Defendant ANALOU MANENT's retention of the benefits is inequitable unless Defendant ANALOU MANENT repays Plaintiff the value of the benefits.

162. Defendant ANALOU MANENT has been unjustly enriched at the expense of Plaintiff.

163. Plaintiff is entitled to damages as a result of Defendant ANALOU MANENT's unjust enrichment, including the rescission of the purchase/sales agreements, and disgorgement of all monies unlawfully accepted by Defendant ANALOU MANENT from Plaintiff.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant ANALOU MANENT in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

## COUNT XIII —UNJUST ENRICHMENT
### (as to Defendant Sunny Properties)

164. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth fully herein.

165. Plaintiff has conferred benefits on Defendant SUNNY PROPERTIES  who has knowledge thereof.

166. Defendant SUNNY PROPERTIES voluntarily accepted and retained the benefits by taking payments from Plaintiff.

167. Because Defendant SUNNY PROPERTIES fraudulently induced Plaintiff into entering into the subject property purchase/sale agreement, to Plaintiff's detriment, Defendant SUNNY PROPERTIES's retention of the benefits is inequitable unless Defendant SUNNY PROPERTIES repays Plaintiff the value of the benefits.

168. Defendant SUNNY PROPERTIES has been unjustly enriched at the expense of Plaintiff.

169.  Plaintiff is entitled to damages as a result of Defendant SUNNY PROPERTIES's unjust enrichment, including the rescission of the purchase/sales agreement, and disgorgement of all monies unlawfully accepted by Defendant SUNNY PROPERTIES from Plaintiff.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant SUNNY PROPERTIES in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

### COUNT XIV —UNJUST ENRICHMENT

(as to Defendant Florida Prestige)

170.  Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth fully herein.

171.  Plaintiff has conferred benefits on Defendant FLORIDA PRESTIGE who has knowledge thereof.

172.  Defendant FLORIDA PRESTIGE voluntarily accepted and retained the benefits by taking payments from Plaintiff.

173.  Because Defendant FLORIDA PRESTIGE, fraudulently induced Plaintiff into entering into the subject property purchase/sale agreement, to Plaintiff's detriment, Defendant FLORIDA PRESTIGE's retention of the benefits is inequitable unless Defendant FLORIDA PRESTIGE repays Plaintiff the value of the benefits.

174.  Defendant FLORIDA PRESTIGE has been unjustly enriched at the expense of Plaintiff.

175.  Plaintiff is entitled to damages as a result of Defendant FLORIDA PRESTIGE's unjust enrichment, including the rescission of the purchase/sales agreement, and disgorgement of all monies unlawfully accepted by Defendant FLORIDA PRESTIGE, from Plaintiff.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant FLORIDA PRESTIGE in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

## COUNT XV —UNJUST ENRICHMENT

(as to Defendant Sunny International)

176.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth fully herein.

177.   Plaintiff has conferred benefits on Defendant SUNNY INTERNATIONAL who has knowledge thereof.

178.   Defendant SUNNY INTERNATIONAL voluntarily accepted and retained the benefits, by taking payments from Plaintiff.

179.   Because Defendant SUNNY INTERNATIONAL fraudulently induced Plaintiff into entering into the two subject property purchase/sale agreements, to Plaintiff's detriment, Defendant SUNNY INTERNATIONAL's  retention of the benefits is inequitable unless Defendant SUNNY INTERNATIONAL repays Plaintiff the value of the benefits.

180.   Defendant SUNNY INTERNATIONAL has been unjustly enriched at the expense of Plaintiff.

181.   Plaintiff is entitled to damages as a result of Defendant SUNNY INTERNATIONAL's, unjust enrichment, including the rescission of the purchase/sales agreements, and disgorgement of all monies unlawfully accepted by Defendant SUNNY INTERNATIONAL from Plaintiff.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant SUNNY INTERNATIONAL in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

## COUNT XVI —UNJUST ENRICHMENT

(as to Defendant Nir Gavra)

182.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth fully herein.

183.  Plaintiff has conferred benefits on Defendant NIR GAVRA who has knowledge thereof.

184.  Defendant NIR GAVRA voluntarily accepted and retained the benefits by taking payments from Plaintiff.

185.  Because Defendant NIR GAVRA fraudulently induced Plaintiff into entering into the two subject property purchase/sale agreements, or allowed his agents to fraudulent induce Plaintiff into entering into the two subject property purchase/sale agreements to Plaintiff's detriment, Defendant NIR GAVRA's, retention of the benefits is inequitable unless Defendant NIR GAVRA repays Plaintiff the value of the benefits.

186.  Defendant NIR GAVRA has been unjustly enriched at the expense of Plaintiff.

187.  Plaintiff is entitled to damages as a result of Defendant NIR GAVRA's unjust enrichment, including the rescission of the purchase/sales agreements, and disgorgement of all monies unlawfully accepted by Defendant NIR GAVRA from Plaintiff.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant NIR GAVRA in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

## COUNT XVII —UNJUST ENRICHMENT

(as to Defendant Moshe Shabat)

188.  Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 59 above as if set forth fully herein.

189.  Plaintiff has conferred benefits on Defendant MOSHE SHABAT who has knowledge thereof.

190.  Defendant MOSHE SHABAT voluntarily accepted and retained the benefits by taking payments from Plaintiff.

191.  Because Defendant MOSHE SHABAT fraudulently induced Plaintiff into entering into the two subject property purchase/sale agreements, or allowed his agents to fraudulent induce

Plaintiff into entering into the two subject property purchase/sale agreements to Plaintiff's detriment, Defendant MOSHE SHABAT's, retention of the benefits is inequitable unless Defendant MOSHE SHABAT repays Plaintiff the value of the benefits.

192.   Defendant MOSHE SHABAT has been unjustly enriched at the expense of Plaintiff.

193.   Plaintiff is entitled to damages as a result of Defendant MOSHE SHABAT's unjust enrichment, including the rescission of the purchase/sales agreements, and disgorgement of all monies unlawfully accepted by Defendant MOSHE SHABAT from Plaintiff.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against Defendant MOSHE SHABAT in an amount to be proven at trial, and for such further other and further relief as the interests of justice may require.

## COUNT XVIII —CIVIL CONSPIRACY

### (as to Defendants)

194.   As set forth in Paragraphs 1-109 and 115-197, Defendant PATRICK MANENT conspired with his wife ANALOU MANENT, together with Defendants NIR GAVRA and MOSHE SHABAT, in a scheme concocted to take advantage of Plaintiff, exploit Plaintiff's trust, generate unlawful profits, and create legal barriers to any attempt to recover against them in the event Plaintiff discovered the fraud.

195.   Additionally, Defendants PATRICK MANENT, ANALOU MANENT, MOSHE SHABAT and NIR GAVRA acted through their respective entities, SUNNY INVESTMENTS, SUNNY PROPERTIES, and FLORIDA PRESTIGE, to accomplish their conspiracy.

196.   The Defendants consipired to fool Plaintiff by creating a series of transactions which would not be readily understood by a foreign buyer, who does not understand technical or legal English, and who would willing to rely on a French-speaking real estate agent who represented himself as a Buyer's Agent, thereby exploiting Plaintiff's trust.

197.   Defendants were able to take advantage of Plaintiff's trust and act in the manner such that they exploited "some peculiar power of coercion possessed by the conspirators by virtue of their combination, which power an individual would not possess." *Churruca v. Miami Jai–Alai, Inc.*, 353 So.2d 547, 550.   Plaintiff got duped by a person acting ostensibly as Plaintiff's Buyer's Agent (but who turns out not to be licensed); a person acting ostensibly as Plaintiff's real estate broker (but who turns out in fact to be acting on behalf of her husband, closing transactions where she knew her partner and her husband were both double charging the Plaintiff, her purported client, with whom she had never spoken); and a person acting ostensibly as Seller's listing agent (who was in fact in league with the Broker and Buyers's Agent, acting in concert with them adverse to Plaintiff), acting together to defraud Plaintiff.   The civil conspiracy could not be accomplished by means of a single actor; only by the team of Defendants, acting themselves and through their corporate entities.

198.   Each of the conspirators acted intentionally.

199.   Each of the conspirators acted illegally and unlawfully.

200.   Each of the conspirators acted to accomplish an unlawful purpose.

201.   Each of the conspirators acted to accomplish a lawful purpose by unlawful means.

202.   Each of the conspirators acted willfully and wrongfully to injure Plaintiff.

203.   Plaintiff suffered damages as a result of the civil conspiracy against him by the several conspirators.

WHEREFORE Plaintiff prays that judgment enter in favor of Plaintiff and against each of the Defendants, PATRICK MANENT, ANALOU MANENT, MOSHE SHABAT, NIR GAVRA, FLORIDA PRESTIGE, SUNNY PROPERTIES and SUNNY INVESTMENTS in an amount to be proven at trial, jointly and severally, and for such further other and further relief as the interests of justice may require.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Demands a jury trial of all matters so triable as a matter of right.

DATED:  September 19, 2013.

Respectfully submitted,

<u>/s/  BRADFORD A. PATRICK</u>

Carlos J. Bonilla
Florida Bar No.: 0588717
Bradford A. Patrick
Florida Bar No.: 0529850
Executive Law Group PL
3001 North Rocky Point Drive E, Suite 227
Tampa, Florida 33607
Tel: (813) 367-3505
Fax: (813) 333-7321
E-mail: carlos@execlawgroup.com
E-mail: brad@execlawgroup.com